UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jessie Yarborough, | ) | C/A No.: 8:07-cv-70142-GRA |
| | ) | C/A No.: 8:05-cr-809-GRA-2 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on the petitioner's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed December 14, 2007. In accordance with Rule 4 of the Rules Governing §2255 Proceedings, the Court has conducted a preliminary review of the motion. Because it is clear from the record that petitioner is not entitled to relief on the bases asserted in his motion, the Court finds that summary dismissal is appropriate.

**Procedural Background**

On December 5, 2005, pursuant to a plea agreement, Petitioner pleaded guilty to both conspiring to possess cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and using a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). On February 15, 2006, Petitioner filed a motion to withdraw his guilty plea. Rather than stating specific reasons for withdrawing his plea, the petitioner asked the Court for a conference on the matter. On March 28, 2006, the Court entertained the petitioner's motion; by the end of the hearing, the petitioner chose to

withdraw his motion to withdraw his guilty plea. On April 4, 2006, the Court sentenced the petitioner to 152 months. a sentence at the low end of the guideline range. Petitioner appealed his sentence; the Fourth Circuit upheld the sentence.

## Discussion

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

As an initial matter, attached to his § 2255 petition, the petitioner filed a motion to withhold determination of this matter for 90 days. Petitioner argued that this extension was necessary because, at the time the petitioner filed his petition, Petitioner was housed in special unit housing at Butner Federal Correctional Institution, a portion of the prison that the petitioner argues does not have sufficient legal research materials. Considering over 90 days have passed since the petitioner filed his motion and the petitioner has yet to supplement his petition with additional materials, this Court DENIES the motion as moot. The Court will now move to the merits of the petitioner's § 2255 motion.

A § 2255 action is the appropriate mechanism for "a prisoner in custody[,] under sentence of a court established by [an] Act of Congress claiming the right to be

released upon the ground that the sentence was imposed in violation of the Constitution[,] . . . to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255. The petitioner alleges that his Sixth Amendment rights were violated because he was denied the effective assistance of counsel at his guilty plea hearing and at sentencing.

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. A petitioner must show two things to evince ineffective assistance of counsel: (1) attorney error—that the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. When a petitioner argues that his counsel was ineffective at the plea stage of the proceedings, to evince prejudice, a petitioner must show "that there is a reasonable probability that, but for the counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

### *Guilty Plea*

Petitioner argues that: "[he] entered an involuntary and unintelligent plea of guilty while under the influence of psychotropic medications which he fully apprised the Court of during his guilty plea." (Pet. at 4) Petitioner argues that his attorney erred

by allowing him to plea in this state and failing to fully explain what charges the petitioner was actually pleading guilty to.  (*Id.*)

First, the transcript from the guilty plea evinces that, though the petitioner had taken medication prior to hearing, he fully understood what was going on at the hearing.  At the guilty plea, the Court, the government, and defense counsel were fully apprised of the medications that the petitioner had taken prior to the hearing.  (Guilty Plea Tr. at 4-5) After being informed of the specific drugs ("valproic acid, a mood stabilizer, 250 milligrams twice a day, trazodone, an anti-depressant, and benztropine maleate"), the Court reviewed a medical report about the medications.  (*Id.* at 5-6) Subsequently, the Court, the government, and defense counsel agreed that the petitioner was competent to plead guilty.  (*Id.* at 6-7) Throughout this dialogue the petitioner questioned the court, described the medication he was taking, and, later in the proceedings, went through the details of his extensive criminal history.  At no point does it appear that the petitioner was confused, unknowledgeable, unable, or even reticent to speak about his surroundings, past crimes, or desire to plead guilty.  On the contrary, Petitioner was very active during his guilty plea, asking questions about his rights, repeating his desire to plead guilty, and describing the crime he was pleading guilty to in abundant detail.  Therefore, petitioner's attorney did not err by allowing the petitioner to plead guilty after taking his medications.

Second, Petitioner argues that his attorney did not fully explain to him what he was pleading guilty to.  Once again, the transcript of the guilt plea hearing refutes this

contention. First, Petitioner stated that he and his attorney had discussed the case in detail. Second, when the government read him the plea agreement, Petitioner agreed that the government properly stated what Petitioner had previously agreed to plead guilty to. Finally, even if his attorney failed to fully explain what he was pleading guilty to prior to the hearing, the government and the court made it clear. Therefore, the petitioner has failed to show attorney error or prejudice.

*Sentencing*

Petitioner next argues that: "Pursuant to Rule 32, trial counsel did not disclose the [presentence investigation] report to petitioner prior to sentencing, nor did trial counsel present 18 U.S.C. § 3553 factors that would have supported a none guideline sentence or U.S.S.G. § 5K2.0 departures." (Pet. at 4)

First, Petitioner's counsel at sentencing , Jessica Salvini, informed the Court that she had explained the guideline range and criminal history points to the petitioner, and that neither had objections to the report. (Sent. Tr. at 2)Later in the hearing, Petitioner stated that he had not read his pre-sentence report prior to sentencing. (*Id.* at 12) However, he went on to say that he and his attorney had gone through the report together. (*Id.*) The Court read the petitioner his guideline range and asked if the petitioner had any objections. At this point the petitioner stated, "No, I've got no objections." (*Id.* at 13) It appears that, though the petitioner may not have had time to read the pre-sentence report on his own, at his own pace, he was adequately informed by his attorney and the Court of the necessary details. Therefore, this Court

finds that his attorney did not err as alleged. Even if petitioner's counsel erred as alleged, Petitioner fails to state any prejudice he suffered from any error. Petitioner has not alleged that pre-sentence report contains any error that prejudices him. Therefore, this contention is without merit.

Second, Petitioner argues that his attorney erred by failing to argue for a downward departure pursuant to either 18 U.S.C. § 3553(a) or § 3553(b). However, Petitioner does not allege the existence of any facts in the record that would allow a Court to depart from the guidelines or grant a § 5K2.0 variance based on § 3553(a) or § 3553(b). If no such circumstances exist, Petitioner's attorney could not err by choosing not to argue for a departure or variance under § 3553(a) or § 3553(b). Therefore, Petitioner has failed to show that his attorney erred.

### *Drug Amount*

Finally, Petitioner argues that counsel should have argued that petitioner did not agree to buy one kilogram of cocaine because petitioner did not have the money to buy that much cocaine. (*Id.* at 4) The government and Petitioner agreed on the amount of cocaine at issue in the petitioner's plea agreement. (Plea Agree. at ¶ 6) At his guilty plea hearing, Petitioner stated that he knew the terms of his plea agreement, and subsequently plead guilty. The petitioner agreed that the amount of cocaine at issue in this matter was one kilogram; therefore, Petitioner's counsel did not err by choosing not to contest this amount.

**Conclusion**

After reviewing the petition and applying a liberal construction to all of the petitioner's allegations, it is clear from the record that petitioner is not entitled to relief on the bases asserted in his motion. Therefore, in accordance with Rule 4 of the Rules Governing §2255 Proceedings, this Court DISMISSES the immediate petition.

IT IS THEREFORE SO ORDERED THAT this petition be DISMISSED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

May 6, 2008
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**