UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 8:05-cr-00809-GRA-2 |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| Jessie Yarborough, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Defendant's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582. (ECF No. 198). For the following reasons, Defendant's Motion is DENIED without prejudice.

### Background

A grand jury charged the Defendant with one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and with attempted possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 ("Count Two"); one count of knowingly possessing a firearm, in violation of 18 U.S.C. § 922(g) ("Count Three"); and one count of using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Four"). (Indictment, ECF No. 23). Defendant pled guilty to Counts 2 and 4 on December 5, 2005. (ECF No. 67). On March 28, 2006, this Court sentenced Defendant to a total term of 152 months

imprisonment and four years of supervised release. (ECF No. 88). Defendant filed the instant Motion on August 9, 2011, seeking a reduction of his sentence under the new amendments to the Fair Sentencing Act.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Section 3582(c)(2) provides that where a court has sentenced a defendant to a term of imprisonment based on a sentencing range that the Sentencing Commission has lowered pursuant to 28 U.S.C. § 994(o), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement for this case is found in U.S.S.G. § 1B1.10(a). Where "a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines [] listed in [§ 1B1.10(c)]," a reduction in the defendant's prison sentence is authorized under 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1) (2010).  However, if an amendment is not listed in § 1B1.10(c), it may not be applied retroactively in a § 3582(c)(2) motion.  *See id.* § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir. 2009) (citing *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004)).

Defendant asks this Court to reduce his sentence based on Amendment 748, which implemented provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 [hereinafter FSA].  The FSA directs the United States Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions.  *See* 124 Stat. at 2374.  The result of this directive was Amendment 748, which included a downward adjustment of the base offense levels for crack cocaine possession.  Amendment 748 is a temporary, emergency amendment.

On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review.  *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011).  On June 30, 2011, the United States Sentencing Commission voted to give Amendment 748 retroactive effect, which will be designated Amendment 750 in Appendix C of the United States Sentencing Guidelines.  *See* 76 Fed. Reg. 41332–41335 (July 13, 2011).  However, absent contrary congressional action, Amendment 750 will not have retroactive effect until its effective date of November 1, 2011.  *Id.* at 41332.  Therefore, as of the date of this Order,

Amendment 750 is not yet listed in § 1B1.10(c) of the Guidelines, and thus cannot serve as a basis for sentence reduction under § 3582.

Because Defendant's Motion is premature, the Court denies it without prejudice. Defendant has leave to re-file his Motion on or after November 1, 2011.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 be DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

August 29, 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**