UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No.:  8:05-cr-00809-GRA-2 |
| v. ) | |
| ) | **ORDER** |
| Jessie Yarborough ) | (Written Opinion) |
| ) | |
| _____ ) | |

This matter is before the Court on the Defendant's Motion for Appointment of Counsel, filed September 26, 2011.  Defendant now asks this Court to appoint counsel to assist him in preparing his § 3582(a) Motion for Reduction of Sentence. For the reasons stated below, Defendant's motion is DENIED.

Defendant brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.   *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

"[A] criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991).  But, the Court has the power to exercise its discretion to appoint counsel for certain post-conviction proceedings in some exceptional cases.  See *Gagnon v. Scarpelli*, 411 U.S. 778, 788 (1973). However, a motion pursuant to § 3582(c) does not fit within this category.  *See*

1

*United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (holding that due process did not require a court to appoint counsel to resolve § 3582(c)(2) motion). Therefore, Defendant's Motion for Appointment of Counsel is hereby **DENIED**.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 3, 2011
Anderson, South Carolina