UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jessie Yarborough, ) | |
| ) | Cr. No.: 8:05-cr-00809-GRA-2 |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before this Court upon Petitioner Jessie Yarborough's ("Petitioner's") *pro se* "Motion for Review of Offen[s]e Conduct." ECF No. 221. For the reasons stated herein, Petitioner's Motion is DISMISSED.

## Background

On December 5, 2005, pursuant to a plea agreement, Petitioner pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 ("Count Two"); and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Four"). *See* ECF Nos. 23, 66, & 67. On February 13, 2006, Petitioner filed a Motion to Withdraw his Guilty Plea, and this Court held a hearing on his motion on March 28, 2006. *See* ECF Nos. 79, 82, & 85. At the hearing, Petitioner withdrew his Motion to Withdraw his Guilty Plea, and was sentenced to a term of 152 months imprisonment, which consisted of 92 months on Count Two and 60 months consecutive on Count Four. *See* ECF Nos. 85, 88, & 89. On April 6, 2006, Petitioner appealed his sentence, and

the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence on December 18, 2006. ECF Nos. 92, 117, & 118.

On December 17, 2007, Petitioner filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence, which this Court dismissed on May 6, 2008. ECF Nos. 122 & 127. On June 10, 2008, proceeding *pro se*, Petitioner moved this Court to reconsider its May 6, 2008 Order, which this Court denied on June 12, 2008. ECF Nos. 130 & 131. On June 17, 2008, Petitioner again moved this Court to reconsider its decision to dismiss his § 2255 petition. ECF No. 133. On January 6, 2009, this Court denied Petitioner's *pro se* motion and upheld its May 6, 2008 and June 12, 2008 Orders. ECF No. 137. On February 9, 2009, Petitioner appealed this Court's January 6, 2009 denial to the Fourth Circuit, and the Fourth Circuit affirmed the decision and denied a certificate of appealability on August 4, 2009. *See* ECF Nos. 139, 155 & 156.

Additionally, on August 9, 2011, Petitioner filed a *pro se* Motion to Reduce Sentence, seeking a reduction under the new amendments to the Fair Sentencing Act ("FSA") of 2010. ECF No. 198. This Court denied without prejudice Petitioner's motion on August 29, 2011, finding that the motion was premature as the amendments to the FSA had not yet taken effect, and granting Petitioner leave to re-file once the amendments were in effect. ECF No. 200. On November 3, 2011, Petitioner moved this Court *pro se*, under 18 U.S.C. § 3582(c)(2), for a reduction in the term of his imprisonment, arguing that his guideline sentencing range had subsequently been lowered and that this guideline alteration was made retroactive by the United States Sentencing Commission pursuant to the FSA. ECF No. 206. On

November 9, 2011, this Court denied Petitioner's motion, finding that the new amendments did not apply to his case. ECF No. 207. Petitioner appealed this denial to the Fourth Circuit, and on February 8, 2012, the Fourth Circuit affirmed this Court's decision. *See* ECF Nos. 210, 216–20. Petitioner filed the instant *pro se* motion for relief on April 11, 2014. ECF No. 221.[1]

### Standard of Review

Petitioner brings this motion *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### Discussion

As a preliminary matter, the relief requested in Petitioner's Motion is two-fold. First, Petitioner's Motion seeks to challenge matters that rest solely in the discretion and authority of the Bureau of Prisons ("BOP"), because he is displeased with the BOP's decision not to award him a 12-month sentence reduction upon his successful completion of a Residential Drug Abuse Program ("RDAP"). *See* ECF No. 221 at 1–2. Second, Petitioner's claim that his "60 month 'consecutive' sentence is forbidden" under the "'except' clause of 18 U.S.C. § 924(c)(1)(A)" is the type of relief which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See id.* at 3–6.

---

[1] As Petitioner is a prisoner, he benefits from the rule set forth in *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to the district court). A prison stamp is not visible on the envelope; thus, the Court is using the postmarked date of April 11, 2014. ECF No. 221-3.

Generally, when federal prisoners "seek habeas relief from their convictions and sentences," the proper avenue is a petition under 28 U.S.C. § 2255. *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010). However, when a federal prisoner challenges the computation or execution of a federal sentence, as opposed to its legality, such challenges must be brought pursuant to 28 U.S.C. § 2241. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself[,]" and thus, must be brought "in the district of confinement rather than in the sentencing court." *Miller*, 871 F.2d at 490.

Here, to the extent Petitioner is seeking to challenge a BOP decision concerning his eligibility for a RDAP reduction, he is attempting to challenge the execution and duration of his sentence, not its legality. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3rd Cir. 2005). When a prisoner attacks the manner in which his sentence is being carried out or the prison authorities' calculation of its duration, the procedural mechanism that must be used is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed in the district of confinement. *Miller*, 871 F.2d at 489–90. Because the instant motion reflects that Petitioner is currently confined at the U.S. Medical Center for Federal Prisoners in the United States District Court for the Western District of Missouri, Petitioner must file a § 2241 petition in that district.

Furthermore, inasmuch as Petitioner is asking this Court to correct his sentence, the Court re-characterizes this request as a motion under 28 U.S.C. §

2255.[2]  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the number of § 2255 motions that petitioners are allowed to file.  Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted).  The court of appeals will only allow a second or successive § 2255 motion if the motion contains either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1)–(2).  The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization.  *See* 28 U.S.C. § 2244(b)(3)(A).

Here, Petitioner previously filed a § 2255 motion, which was dismissed by this Court.  *See* ECF Nos. 122, 127, & 137.  Petitioner does not allege that he has obtained an order of certification from the Fourth Circuit authorizing this Court to consider his second § 2255 motion.  Therefore, the instant motion should be dismissed, because this Court lacks jurisdiction to hear a second/successive motion for relief pursuant to 28 U.S.C. § 2255.

---

[2] When recharacterizing a *pro se* petitioner's motion as a § 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  *Castro v. United States*, 540 U.S. 375, 383 (2003); *see United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (same).  However, this notice must only be given "when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion."  *Castro*, 540 U.S. at 383. (emphasis added).  After the first § 2255 petition, "all later collateral attacks must be seen for what they are . . . [and] *Castro*'s warn-and-allow-withdrawal approach does not apply."  *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *see also United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (finding no reversible error when a district court did not give a petitioner notice that it was construing his motion as a § 2255 motion because it was not his first § 2255 motion).  Because this is Petitioner's second § 2255 motion and not his first, this Court is not required to notify him prior to construing the present motion as a § 2255 motion.

## **Conclusion**

Upon review of Petitioner's Motion and the record in this case, this Court finds that Petitioner's attempt to challenge the BOP's determination that he is not eligible for a sentence reduction must be brought under § 2241 in the district of Petitioner's confinement. Moreover, this Court finds that Petitioner's challenge to his 60 month consecutive sentence should have been brought under a § 2255 motion after obtaining the proper pre-filing authorization from the Fourth Circuit. Therefore, Petitioner's Motion must be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner's challenge to the BOP's denial of RDAP credits is DISMISSED without prejudice to his right to re-file that challenge in a § 2241 proceeding in the district of his confinement, and his challenge to his 60 month consecutive sentence is DISMISSED as an uncertified, successive § 2255 motion. This Court declines to issue a certificate of appealability in this matter.[3]

**IT IS SO ORDERED.**

*G. Ross Anderson, Jr.*
Senior United States District Judge

April 30, 2014
Anderson, South Carolina

---

[3] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").