UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jessie Yarborough, | ) | |
| | ) | Cr. No.: 8:05-cr-00809-GRA-2 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | (Written Opinion) |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before this Court upon Petitioner Jessie Yarborough's ("Petitioner's") *pro se* "Motion for Review of Offen[s]e Conduct Reconsideration" and "Request for 2D1 Reduction." ECF No. 224. In the instant motion, Petitioner asks this Court to reconsider its April 30, 2014 Order, requests a "2D1 reduction" and "that this case be reviewed," and asserts claims of ineffective assistance of counsel during his original proceedings. *Id*.

Petitioner brings this motion *pro se*. District courts are required to liberally construe pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

First, Petitioner asks this Court to reconsider its April 30, 2014 Order, dismissing without prejudice his challenge to the Bureau of Prisons' denial of RDAP credits so that he may re-file a § 2241 proceeding in the district of his confinement, and dismissing as a successive § 2255 petition his challenge to his 60 month consecutive sentence. After a review of Petitioner's original motion, this Court is

confident that despite the requisite liberal standard, none of Petitioner's claims were unjustly dismissed. Petitioner has not presented this Court with any arguments that would compel this Court to alter or amend its prior decision.

Next, liberally construing Petitioner's motion, this Court finds that Petitioner appears to be asking for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) as a result of an amendment to U.S.S.G. § 2D1.1. Under Section 3582(c)(2) of Title 18 of the United States Code, a court may modify a previously imposed sentence if the defendant's applicable sentencing range under the Guidelines has subsequently been lowered by the Sentencing Commission.[1] Where a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in § 1B1.10(c), a reduction in the defendant's prison sentence is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1). However, Petitioner has not provided this Court with an amendment to U.S.S.G. § 2D1.1 that is listed in § 1B1.10(c) that impacts his case. Because Petitioner has not shown a sufficient basis for modification of his sentence under 18 U.S.C. § 3582(c)(2), his claim is without merit.

Furthermore, inasmuch as Petitioner is asking this Court to correct his sentence due to the fact that "he is innocent of the crimes [he is] charged with" and because his "attorney was ineffective," ECF No. 224 at 5, the Court re-characterizes

---

[1] 18 U.S.C. § 3582(c) states that a court "may not modify a term of imprisonment once it has been imposed except that—"

   (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

this request as a motion under 28 U.S.C. § 2255.[2]  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the number of § 2255 motions that petitioners are allowed to file.  Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted).  The court of appeals will only allow a second or successive § 2255 motion if the motion contains either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1)–(2).  The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization.  *See* 28 U.S.C. § 2244(b)(3)(A).

Here, Petitioner previously filed a § 2255 motion, which was dismissed by this Court.  *See* ECF Nos. 122, 127, & 137.  In addition, this Court construed part of Petitioner's "Motion for Review of Offen[s]e Conduct" as a § 2255 motion, and dismissed his request as successive.  *See* ECF Nos. 221 & 222.  In the instant motion, Petitioner does not allege that he has obtained an order of certification from

---

[2] When recharacterizing a *pro se* petitioner's motion as a § 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."  *Castro v. United States*, 540 U.S. 375, 383 (2003); *see United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002) (same).  However, this notice must only be given "when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion."  *Castro*, 540 U.S. at 383. (emphasis added).  After the first § 2255 petition, "all later collateral attacks must be seen for what they are . . . [and] *Castro*'s warn-and-allow-withdrawal approach does not apply."  *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *see also United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (finding no reversible error when a district court did not give a petitioner notice that it was construing his motion as a § 2255 motion because it was not his first § 2255 motion).  Because this is not Petitioner's first § 2255 motion, this Court is not required to notify him prior to construing the present motion as a § 2255 motion.

the Fourth Circuit authorizing this Court to consider another petition brought pursuant to 28 U.S.C. § 2255. Therefore, the instant motion must be dismissed, as this Court lacks jurisdiction to hear a successive § 2255 motion for relief without permission from the Fourth Circuit.

Accordingly, after reviewing Petitioner's motion and the record, this Court finds that Petitioner is not entitled to relief. This Court declines to issue a certificate of appealability in this matter.[3]

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration is DENIED, Petitioner's motion for a sentence reduction is DENIED, and that the remainder of Petitioner's motion is DISMISSED without prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  9 , 2014
Anderson, South Carolina

---

[3] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and declines to issue a certificate of appealability, as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").